The plaintiff relied on a grant to Martin Armstrong from the State of North Carolina, and a deed from him by his attorney in fact, to one of the lessors of the plaintiff, dated in February, 1797. This deed was proved and registered in Davidson County, in 1798, and afterwards registered, to-wit, in 1812, in the county of Giles, where the land lies.
At the date of this deed and the first probate and registration thereof, the land lay in the Indian boundary. Watson, to whom the deed was made, resided in North Carolina, east of the Cumberland mountain.
The defendant claimed under a deed from Martin Armstrong, dated in the year 1802, to the heirs of Alexander Dobbins. It was proved in July, 1803, before the County Court of Davidson, and in September following, was registered in the same county. In 1811, after the commencement of this suit, but before the last registration of the deed to Watson, the deed under which the defendant claimed was also registered in the county of Giles. Proof was introduced going to show that at the date and first registration *Page 360 
of the deed, David Dobbins, one of the heirs of Alexander Dobbins, resided in Davidson County.
The registration of the deed from Armstrong to Watson, in Davidson County, was certainly illegal; but the subsequent registration in Giles was well enough, and will confer upon the grantee a legal title to the land conveyed by the deed, to take effect from the date, unless the deed to the heirs of Dobbins, which has in the mean time been executed and registered, can be made to prevent it.
The Act of 1807, which revives the right of registering deeds situated similar to this of Watson's, expressly secures the right of subsequent purchasers and creditors, where they have caused their deed to be registered in the time and manner prescribed by law. Under the provisions of this Act, and those of a similar import of a subsequent date, if the registration of the defendant's deed in Davidson County be good, in consequence of the residence of one of the grantees in that county, as it was registered in proper time, the defendant will be entitled to recover. The Act of 1788, ch. 24, section 5, declares that all lands entered in the office of John Armstrong, west of Cumberland mountain, may be registered in the county in which the proprietor of said land may reside. In this case there are several grantees, some of whom were, at the date of the first probate and registration, residents of North Carolina, one only lived in Davidson. The Court are, therefore, inclined to the opinion that the registration was not sufficient in the county of Davidson, and the grantees have not attempted a registration under any law but that of 1788.